IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Dunn-Right, Inc., and Larry Dunn, | ) | Civil Action No. 6:05-1202-WMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Yamaha Motor Manufacturing | ) | |
| Corporation of America, Inc., | ) | |
| Mark J. Beck, Tech-Source, Inc., | ) | |
| and Wright Metal Products, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiffs' motion to quash subpoenas for depositions served by defendant Wright Metal Products, Inc. ("Wright").  The plaintiffs argue that Wright's counsel scheduled several depositions without prior consultation and coordination of available dates with plaintiffs' counsel.  The plaintiffs note that this is a generally recognized practice of attorneys in this district.  The plaintiffs object to the dates for seven of the 10 depositions[1] that were noticed on March 23, 2006.  The basis for the objections to the dates is that plaintiffs' counsel has a trial scheduled for several of the dates and certain parties/experts are under subpoena for depositions in other cases on some of the dates.  The plaintiffs also object to the service of subpoenas on plaintiffs' counsel for non-party witnesses John Hardaway, Christopher Cann, and Shirley Stancil.  The plaintiffs' counsel states in the motion that he "communicated with opposing counsel and attempted in good faith to resolve the matter contained in the motion, but was unsuccessful."

Defendant Wright filed an opposition to the motion to quash and a declaration of Wright's counsel, Douglas Kim, in support of the motion.  Kim testified that he

---

[1]The plaintiff apparently does not object to the dates for the depositions of Chris Dunn on April 4, 2006, Glen P. Goorsby on April 27, 2006, and Mark J. Beck on May 3, 2006.

communicated with the plaintiffs' counsel on March 23, 2006, concerning the deposition notices that were going to be sent to the plaintiffs. He informed the plaintiffs' counsel that there were subpoenas that were going to accompany the notice for those individuals who were not parties to the case. Kim asked the plaintiff's counsel to inform him of any conflicts that he or his clients may have with the dates of the depositions so that they could work out mutually agreeable dates on which the depositions could be rescheduled. Kim also asked the plaintiffs' counsel to inform him whether he wished to accept service for the subpoenas that were issued for individuals who were existing or former employees of plaintiff Dunn-Right, Inc. Plaintiffs' counsel requested that he be served with those subpoenas so that he could accept service for those for which he had authorization and inform Kim of those that he could not. According to Kim, the plaintiffs' counsel did not contact him concerning the schedule and did not consult with him prior to filing the motion to quash. He testified that if the plaintiffs' counsel had contacted him, they could have worked out mutually acceptable dates for the depositions (Kim decl. ¶¶ 1-12).

Wherefore, based upon the foregoing, the motion to quash subpoenas is denied. However, as it is clear that plaintiffs' counsel does have conflicts with a number of the deposition dates, plaintiffs' counsel is instructed to contact Wright's counsel and the attorneys are to consult with one another and reach mutually acceptable dates for the depositions at issue. The consultation should take place on or before Monday, April 3, 2006. Further, the parties are reminded of their obligation under Local Civil Rule 7.02, DSC, to "confer with opposing counsel and attempt in good faith to resolve the matter contained in the motion" before filing a nondispositive motion.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

March 30, 2006

Greenville, South Carolina

2